```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
METROPOLITAN DENTAL ARTS P.C., on              :
behalf of itself and all others similarly situated,  :
                                                :
                                                :
              Plaintiff,                        :
                                                :       **DECISION & ORDER**
         v.                                     :       20-CV-2443 (WFK) (RER)
                                                :
THE HARTFORD FINANCIAL SERVICES                 :
GROUP, INC., and SENTINEL INSURANCE             :
COMPANY, LTD.,                                  :
                                                :
                                                :
              Defendants.                       :
---------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Metropolitan Dental Arts P.C. ("Plaintiff" or "Metropolitan Dental") is a New York-based dental practice that purchased property insurance from Sentinel Insurance Company ("Defendant" or "Sentinel"). Defendant Hartford Financial Services Group ("HFSG") is Sentinel's parent company. Plaintiff brought this action against Sentinel seeking coverage for business losses resulting from the government's restrictions on businesses during the COVID-19 pandemic. Defendants moved to dismiss for failure to state a claim. ECF Nos. 10, 11. For the reasons that follow, Defendants' motions to dismiss is GRANTED in its entirety.

## BACKGROUND[1]

Metropolitan Dental ("Plaintiff") is a New York-based dental practice that purchased property insurance from Sentinel Insurance Company ("Sentinel"). Complaint, ECF No. 1 ¶¶ 11, 14-15; Ex. A1 (the "Policy"). Defendant Hartford Financial Services Group ("HFSG") is Sentinel's parent company. Starting in March 2020, Governor Cuomo issued a series of executive orders aimed at addressing the COVID-19 pandemic. In the wake of the business disruption caused by these executive orders, Plaintiff filed an insurance claim, which Sentinel denied. Compl. ¶ 41. On June 2, 2020, Plaintiff initiated this action seeking to represent a nationwide class of policyholders "who have suffered losses due to measures put in place by

---

[1] The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

1

civil authorities' staying-at-home or shelter-in-place orders since March 15, 2020." *Id.* ¶ 49.

Plaintiff points to three aspects of its insurance coverage policy to support its claim: (1) Business Income; (2) Extra Expense; and (3) Civil Authority. The Business Income provision states:

> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration." The suspension must be caused by direct physical loss of or physical damage to property at the "scheduled premises," including personal property in the open (or in a vehicle) within 1,000 feet of the "scheduled premises," caused by or resulting from a Covered Cause of Loss.

ECF No. 10-3 (the "Policy"). As relevant here, the Policy defines "Business Income" as "Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no direct physical loss or physical damage had occurred . . . ." *Id*. The Policy defines "suspension" as "[t]he partial slowdown or complete cessation of your business activities" if "part or all of the 'scheduled premises' is rendered untenantable as a result of a Covered Cause of Loss if coverage for Business Income applies to the policy." *Id*. The Policy defines "Covered Causes of Loss" as "risks of direct physical loss," subject to various exclusions and limitations not relevant here. *Id*.

The Policy also provides "Extra Expense" coverage. *Id*. Those provisions cover "reasonable and necessary Extra Expense[s] you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or physical damage to property at the 'scheduled premises.'" *Id*. The Policy also provides "Civil Authority" coverage: "This insurance is extended to apply to the actual loss of Business Income you sustain when access to your 'scheduled premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'scheduled premises.'" *Id*.

Starting in March 2020, and in response to orders issued by the Governor of New York,

2

Plaintiff limited business operations. Plaintiff lost business and incurred expenses as a result, and requested Defendants reimburse it under the Policy's "Business Interruption," "Extra Expense" and "Civil Authority" provisions. Sentinel denied the claim, and Plaintiff brought this action, asserting claims for breach of contract and declaratory relief. Sentinel subsequently moved to dismiss. *See* ECF Nos. 10, 11. For the reasons that follow, Defendants' motion to dismiss is GRANTED in its entirety.

## LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint must be dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

In considering a motion to dismiss, the Court must accept all of the non-movant's factual allegations as true and draw all reasonable inferences in the non-movant's favor. *Id.* at 555; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Indeed, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (internal quotation marks omitted).

3

## DISCUSSION

### I. Plaintiff's Claims Against HFSG are Dismissed

As an initial matter, Defendants argue all claims against HFSG should be dismissed as HFSG was not a party to the insurance contract at issue in this case. Plaintiff does not allege that it purchased an insurance policy from HFSG anywhere in the Complaint. Further, Plaintiff failed to address this argument in its opposition. Accordingly, this Court considers all claims against HFSG abandoned and continues only to address the merits of Plaintiff's claims against Sentinel. *See, e.g.*, *Lipton v. County of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) (Sweet, J.) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

### II. Business Income Coverage

The Complaint alleges that the Governor's COVID-19 shutdown orders caused a "direct physical loss" of Plaintiff's business premises, thus triggering Plaintiff's insurance policy. Sentinel moves to dismiss the Complaint on the basis that Plaintiff has not alleged facts triggering coverage pursuant to the Policy's Business Income, Extra Expense, or Civil Authority coverage provisions. This Court is not the first to address this issue. The great majority of courts that have addressed similar claims—many of which were asserted against this same defendant—have held that a complaint which only alleges loss of use of the insured property fails to satisfy the requirement for physical damage or loss. *See e.g., Food for Thought Caterers Corp. v. Sentinel Ins. Co., Ltd.*, 20-CV-3418, 2021 WL 860345, at *3 (S.D.N.Y. Mar. 6, 2021) (Koeltl, J.) (collecting cases).

In a recent decision, Judge Schofield of the Southern District of New York, considered a substantially identical policy issued by Sentinel for an art gallery and dealership in New York.

*10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 507 F. Supp. 3d 482, 486–88 (S.D.N.Y. 2020) (Schofield, J.). In granting Sentinel's motion to dismiss in that case, Judge Schofield wrote,

> New York courts interpreting substantially identical language -- "loss of, damage to, or destruction of property or facilities" -- have found it "limited to losses involving *physical damage to the insured's property*." *Roundabout Theatre Co. v. Cont'l Cas. Co.,* 751 N.Y.S.2d 4, 8 (1st Dep't 2002) (emphasis added) . . . . In so holding, courts have declined to interpret such language to include "loss of use" of the property under New York law. *Roundabout Theatre*, 751 N.Y.S.2d at 6. Nothing in the Complaint plausibly supports an inference that COVID-19 and the resulting Civil Orders physically damaged Plaintiff's property, regardless of how the public health response to the virus may have affected business conditions for Plaintiff. The Complaint does not state a claim for "loss" of the insured property.

*Id.* This Court agrees with the holding in *10012 Holdings* and the many other cases that reached the same conclusion. Plaintiff's business property insurance policy requires some form of "direct physical loss of or physical damage" to the insured premises to trigger loss of business income coverage. No such loss was sustained by Plaintiff here because of the COVID-19 closures. Plaintiff is therefore not entitled to coverage under the Business Income provision.

### III.     Extra Expense Coverage

The Policy's "Extra Expense" coverage applies to expenses incurred during a period of restoration of the premises following a "direct physical loss or physical damage to" the covered property. Because, as described above, the Complaint does not allege a direct physical loss, the Complaint also fails to state a claim for Extra Expense coverage. *See Food for Thought Caterers Corp.* 2021 WL 860345, at *5.

### IV.     Civil Authority Coverage

Finally, the Policy's "Civil Authority" coverage applies to losses sustained when access to Plaintiff's premises is "prohibited by order of a civil authority *as the direct result of a Covered Cause of Loss* to property in the immediate area" of Plaintiff's premises (emphasis added). A "Covered Cause of Loss" includes "risks of direct physical loss." The relevant questions are

5

whether the Complaint alleges (1) losses sustained because the government's COVID-19 shutdown orders prohibited access to Plaintiff's premises and (2) that such prohibition was a direct result of a risk of direct physical loss to property in the immediate area of Plaintiff's premises.

Once again, most cases addressing this issue have found that the plaintiffs were not entitled to coverage under this provision. *See, e.g.*, *Sharde Harvey, DDS, PLLC v. Sentinel Ins. Co., Ltd.*, 20-CV-3350, 2021 WL 1034259, at *13 (S.D.N.Y. Mar. 18, 2021) (Lehrburger, Mag.). In *Food for Thought*, *10012 Holdings*, and *Sharde Harvey*—all cases brought against Sentinel— the provisions at issue were identical to the one at issue here and each Court found Plaintiff could not recover under the Civil Authority provision. *Id.*; *Food for Thought*, 2021 WL 860345, at *6; *10012 Holdings*, 2020 WL 7360252, at *3. As the Court explained in *Sharde Harvey*, "[n]othing about New York's shutdown orders enable [Plaintiff] to satisfy the express requirements of the Civil Authority provision. [Plaintiff] cannot plausibly plead that the shutdown orders (1) prohibited "access to" its premises; or (2) were "the direct result of a risk of direct physical loss to property in the immediate area." *Sharde Harvey*, 2021 WL 1034259, at *13.

In sum, for the reasons set forth in the above-mentioned decisions, and because Metropolitan Dental failed to plead specific facts showing that the COVID-19 restrictions that applied to the property at issue were the direct result of a risk of direct physical loss to other property in the immediate area, it has not shown entitlement to coverage under the Civil Authority provision.

V.  **Dismissal of Plaintiff's Complaint with Prejudice**

Because the Court has found all of Plaintiff's individual claims for damages and

declarative relief must be dismissed, Plaintiff's class claims must be dismissed as well. *Deer Mountain Inn LLC v. Union Ins. Co.*, 20-CV-0984, 2021 WL 2076218, at *12 (N.D.N.Y. May 24, 2021) (Sannes, J.) (citing *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 122 (S.D.N.Y. 2002) (Scheindlin, J.) ("Courts in this circuit have repeatedly held that, '[i]n order to maintain a class action, Plaintiffs must first establish that they have a valid claim . . . If the named plaintiffs have no cause of action in their own right, their complaint must be dismissed. . .'") (citation omitted)). Therefore, Plaintiff's complaint must be dismissed in its entirety.

Plaintiff has not requested leave to amend its complaint. In any event, the Court finds that any amendment would be futile, as based on the Policy's plain language and the legal principles reviewed above, the Policy unambiguously does not cover Plaintiff's losses, and it does not appear that Plaintiff could plead any set of facts that would give rise to a plausible claim for the relief it seeks. Therefore, the Court dismisses Plaintiff's complaint with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice. The Clerk of Court is respectfully directed to close the motions pending at ECF Nos. 10 and 11 and close the case.

**SO ORDERED.**

s / WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2021
Brooklyn, New York